# EXHIBIT F

US DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



IN RE: TRANSPACIFIC AIRLINE Case No. 07-cv-05634-CRB

To the Honorable Charles Breyer, U. S. District Judge:

PETITION/OBJECTION PURSUANT TO 28 USC 1651

I received a notice on May 2, 2025, that my second distribution was denied because the original claim was "selected" for audit to determine eligibility. This was not authorized by the court. Judging from Discord chats and conversations, this happened to many claimants, but I cannot tell how many as Class Counsel did not put anything on the website about it. This Court did not approve the procedure by Class Counsel, the methodology, or the reasoning why something could occur in 2025 as to a case resolved so long ago.

This Court did not authorize these new audits at this late time. It seems to be something that was unilaterally done by Class Counsel, who is to represent claimants, leaving them without advocacy. THIS COURT SHOULD APPOINT COUNSEL FOR THE SUBCLASS AFFECTED BY THESE UNILATERAL AUDITS CONSIDERING THAT CLASS COUNSEL AUDITED MORE THAN JUST THE UNDERSIGNED. The distribution Order states that payment is going to be made to those who cashed their first checks, and under penalty for perjury, the claims administrator stated this would occur in February 2025, all while Class Counsel concocted a method to retain funds. Here is the notice:

*From airlinesettlement*
*Date Fri 5/2/2025 11:34 AM*
*To airlinesettlement Cc airlinesettlement ; conservationtrust@live.com*
*Good afternoon, Attached is a letter that was mailed to you via USPS mail May 2, 2025. A response for the additional information requested to establish the validity of claimed tickets to the settlements in In re Transpacific Passenger Air Transportation Antitrust Litigation was not received by the deadline of April 24, 2025. Failure to respond with the requested information by the deadline has resulted in this claim being ineligible for the Secondary Distribution.*

*Sincerely,*
*Settlement Administrator*
*Transpacific Air Transportation Settlement C/O Rust Consulting Inc – 442*

Mailed via DocuPost.com

The PDF attachment stated:

May 2, 2025
RE: Transpacific Air Settlement Request for Additional Information
ELM CO,
**To further deter potentially fraudulent claimants, <u>at the request of Class Counsel</u>, the Settlement Administrator mailed a letter and sent an email requesting additional information to establish the validity of ELM CO's claim for 1,782 tickets to the settlements in In re Transpacific Passenger Air Transportation Antitrust Litigation. A response for the additional information requested on March 24, 2025 to establish the validity of claimed tickets to the settlements in In re Transpacific Passenger Air Transportation Antitrust Litigation was not received by the deadline of April 24, 2025. Failure to respond with the requested information by the deadline has resulted in ELM CO's claim being ineligible for the Secondary Distribution. Sincerely, Settlement Administrator Transpacific Air Transportation Settlement**

I understand that this second distribution Order was appealed, however the appeals court sustained it and thus it is the "law of the case" because "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012); see also United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986). Courts apply this doctrine to promote finality, preserve judicial economy, and maintain consistency throughout litigation. See Am. Civil Liberties Union v. F.C.C., 523 F.2d 1344, 1346 (9th Cir. 1975).

Here, the claims at issue were previously approved and paid in the first round of distribution, and are thus eligible per the Court's order authorizing a pro rata second distribution. The administrator's current effort to reevaluate and reduce those payments, without any change in legal or factual circumstances, violates the doctrine and the principle that final judicial decisions should not be casually revisited.

The cost of trying to provide the records sought by class counsel would exceed the de minimum amount of the second distribution. Nobody was warned to retain their records or that they would be subject to audit a decade later in 2025 after the first payment.

### The Settlement Administrator and/or Class Counsel Exceeded Their Authority

The authority to modify the distribution methodology or question previously adjudicated claims resides exclusively with the Court. Any material deviation must be brought before the Court and subject to notice and a hearing.   Rule 23.

Here the Class Counsel did not even notify the Court, much less file a motion to solicit permission to change the terms.

This Court must approve a plan of allocation, which it did and which was affirmed.  Approval of a plan of allocation of settlement proceeds in a class action under FRCP 23 is governed by the same standards of review applicable to approval of the settlement as a whole: the plan must be fair, reasonable and adequate. *Class Plaintiffs v. City of Seattle,* 955 F2d 1268, 1284–85 (9th Cir.1992).  Here the plan was approved by this court and affirmed by the Ninth Circuit as fair.

Without Rule 23 Notice to the Class, and the ability to file objections, Class Counsel changed it without advising the Court. Class Counsel seeks to reaudit class members, delay the payment, and incur administrative and possibly legal fees.   Class Counsel waited until March 2025 to start performing these unauthorized audits for the second round distribution, but did not advise the court.

The Settlement Administrator and Class Counsel lack authority to unilaterally alter the Plan of Allocation or to conduct unanticipated reaudits of class members' entitlements.

Class counsel owes fiduciary duties of loyalty and care to the class. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 968–69 (9th Cir. 2009). Any attempt to reduce claims in order to increase residual funds—and potentially seek greater attorneys' fees or administrative costs—raises serious concerns about conflicts of interest and improper self-dealing.

This Court must guard against any appearance that remaining funds are being preserved for the benefit of counsel rather than class members.

### Conclusion

For the foregoing reasons, objector respectfully requests that this Court:

Deny any further attorney fees based on these 2025 audits;

Enforce the prior order concerning the second-round pro rata distribution under the specific terms ordered and in the filings in February 2025;

Direct the Settlement Administrator and Class Counsel to cease any unauthorized reaudits of previously approved claims and pay out what is owed to timely claims that cashed their initial checks.[1]

Respectfully submitted

*[signature]*

Jeanette Stevens t/a Elm Co
Claimant ID: 146302
Apartado 10210-1000
SAN JOSE, SAN JOSE 10102
conservationtrust@live.com

---

[1] I did not receive the original letter from March in the postal mail. Mail takes up to two months from the USA. The first email apparently went to SPAM. I received the second email listed above. Regardless, Class Counsel performed these audits in violation of the distribution Order and without notice to the Court.




**P**

PRIORITY MAIL
U.S. POSTAGE PAID
C2M
eVS

## USPS PRIORITY MAIL®

857448X1X1XPRI
ELM
APARTADO 10210-1000
SAN JOSE COSTA RICA, SC 10102

Clerk of Court
US District court
450 Golden Gate Ave Ste 36060
San Francisco, CA 94102-3489

**USPS TRACKING # eVS**

9205 5901 5266 1900 2200 8327 31

**PRIORITY MAIL**®

RECEIVED
MAY 09 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE