# EXHIBIT G

Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com

*Co-Lead Counsel for Plaintiffs and the Classes*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913 |
| **This Document Relates To:**<br><br>**ALL ACTIONS** | **PLAINTIFFS' RESPONSE TO OBJECTION BY JEANETTE STEVENS T/A ELM CO. (ECF NO. 1406)** |

Plaintiffs' Response to Objection by Jeanette Stevens t/a Elm Co.;
MDL No. 1913; Case No. 3:07-cv-05634-CRB

## I.      OVERVIEW

On May 9, 2025, Claimant Jeanette Stevens t/a Elm Co. filed a petition/objection seeking the Court to: (1) deny attorneys' fees to Class Counsel in connection with its re-examination of certain claims in early 2025; (2) enforce the Order Granting Plaintiffs' Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses (ECF No. 1378) ("Secondary Distribution Order");[1] (3) enjoin the Settlement Administrator, Rust Consulting, Inc. ("Rust"), and Co-Lead Class Counsel for Plaintiffs ("Class Counsel") from re-examining any previously approved claims in connection with the secondary distribution of the remaining net settlement funds anticipated to occur on or by July 1, 2025. Elm Co.'s Objection (ECF No. 1406). For the foregoing reasons, the Court should overrule this Objection.

## II.     ARGUMENT

### A.      Class Counsel Is Not Seeking Attorneys' Fees

Elm Co.'s Objection requests that the Court "[d]eny any further attorney fees based on these 2025 audits." Objection at 4. As an initial matter, Class Counsel is not seeking attorneys' fees in connection with its re-examination of certain claims earlier this year. As previously stated, "Class Counsel will not seek further attorneys' fees in this litigation after this motion." Plaintiffs' Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses (ECF No. 1347); Secondary Distribution Order ¶ 10(b). The Court should overrule Elm Co.'s request because Plaintiffs re-examined certain claims for the benefit of legitimate Settlement Class Members earlier this year and have no intention of seeking additional attorneys' fees in this matter.

---

[1] This request is similar to that of Claimant David Gould, whose Motion to Compel Prompt Compliance with the Second Distribution Order the Court denied on May 5, 2025 (ECF No. 1405).

1  **B.    The Secondary Distribution Will Occur On or By July 1, 2025**

2      Elm Co.'s Objection requests that the Court "[e]nforce the prior order concerning the

3  second-round pro rata distribution under the specific terms ordered and in the filings in February

4  2025[.]" Objection at 5. As noted, *supra* at note 1, Claimant David Gould recently moved to

5  compel Rust and Class Counsel to promptly comply with the Secondary Distribution Order,

6  which the Court denied on May 5, 2025 (ECF No. 1405). Specifically, this Court stated it was

7  "satisfied with Plaintiffs' assertion that 'Plaintiffs and Rust anticipate making' the 'distribution

8  on or before July 1, 2025." (ECF No. 1405). Furthermore, Plaintiffs do not know what Elm Co.

9  means when it references "filings in February 2025[.]" No filing occurred in February 2025. *See*,

10  *generally*, *In re Transpacific Passenger Air Transp. Antitrust Litig.*, Case No. 3:07-cv-05634.

11  The Court should overrule Elm Co.'s request as the anticipated date of the Secondary

12  Distribution remains unchanged from the date set forth above.

13  **C.    The Court Previously Authorized Rust and Class Counsel to Re-Examine**

14       **Previously Approved Claims That Aroused Suspicion**

15      Elm Co.'s Objection requests that the Court order Rust and Class Counsel to "cease any

16  unauthorized reaudits of previously approved claims and pay out what is owed to timely claims

17  that cashed their initial checks." Objection at 5. Contrary to Elm Co.'s representation, the Court

18  authorized Rust and Class Counsel to "audit/re-examine" previously approved claims "consistent

19  with their obligation to pay only qualified claimants." *See, e.g.*, Order Setting Hearing (ECF No.

20  1358) (allowing Rust and Class Counsel to re-examine Xanadu Corp.'s previously approved

21  claim); Secondary Distribution Order ¶ 2 (overruling Xanadu Corp.'s objections because it failed

22  to "establish that it had any qualifying purchases" based on Rust and Class Counsel's re-

23  examination of its claim); Order Denying Motion for Reconsideration (ECF No. 1385) (remarking

24  that Plaintiffs "list[ed] a number of reasons why Xanadu's claim aroused suspicion" and "[t]hose

25  reasons amply justified re-auditing Xanadu's claims."). The Court should overrule Elm Co.'s

26

27

28  Plaintiffs' Response to Objection by Jeanette Stevens t/a Elm Co.;                    2
    MDL No. 1913; Case No. 3:07-cv-05634-CRB

1    request as the Court has authorized Rust and Class Counsel to re-examine previously approved

2    claims that aroused suspicion.

3          **D.      Elm Co.'s Claim Aroused Suspicion**

4          Plaintiffs recently notified the Court, "Due to circumstances out of their control. . . this

5    secondary distribution has been further delayed." Plaintiffs' Response to Objector and Claimant

6    David Gould's Motion to Compel Prompt Compliance with the Second Distribution Order at 2.

7    These circumstances caused Rust and Class Counsel to re-examine 17 previously approved

8    claims, including Elm Co.'s claim, earlier this year because they aroused suspicion. Decl. of Joel

9    K. Botzet ("Botzet Decl.") ¶ 4.

10          Specifically, Elm Co.'s claim aroused suspicion warranting re-examination for the

11    following reasons: Like Xanadu Corp., in response to the initial audit in 2020, Elm Co. submitted

12    a 1.5-page affidavit in support of its 1,782 claimed tickets, including 212 fuel surcharge tickets,

13    which are U.S.-originating travel to Japan on JAL and ANA flights between February 1, 2005

14    and December 31, 2007 that included a fuel surcharge. *Id.* ¶ 5, Ex. 1 (Elm Co.'s response to Rust's

15    initial audit in 2022). Elm Co. provided no other documentation, such as receipts showing ticket

16    purchases, cancelled checks, credit card statements, travel itineraries, or email confirmation of

17    ticket purchases. *Id.* ¶ 5.

18          Elm Co.'s number of claimed tickets, particularly fuel surcharge tickets, is suspicious

19    because it is purportedly a Costa Rica company with a Costa Rica address.[2] *Id.* ¶ 6. Additionally,

20    Rust was unable to confirm Elm Co.'s existence and likelihood of purchasing tickets. *Id.* Rust

21    was also unable to find any online presence for Elm Co. or its Managing Director, Jeanette

22    Stevens. *Id.* Elm Co.'s address does not appear on Google Maps. *Id.* Taken together, these facts

23    suggest Elm Co.'s claim is fraudulent. *Id.*

24

25

26    ───────────────────────
[2] Elm Co.'s Objection lists its address as Elm, Apartado 10210-1000, San Jose, Costa Rica, SC
      10102. Elm Co.'s Objection at 5-6.

27

28    ───────────────────────
      Plaintiffs' Response to Objection by Jeanette Stevens t/a Elm Co.;                    3
      MDL No. 1913; Case No. 3:07-cv-05634-CRB

### E.    Elm Co. Failed to Establish That It Had Any Qualifying Purchases

On March 24, 2025, to further deter potentially fraudulent claimants, Rust emailed and mailed Elm Co. requesting additional information to validate its claim as part of its re-examination of Elm Co.'s claim; Rust requested a response by April 24, 2025. Botzet Decl. ¶ 7, Ex. 2 (March 24, 2025 Audit Letter). The March 24, 2025 Audit Letter stated, "Failure to respond with the requested information by the deadline may result in ELM CO's claim being ineligible for the Secondary Distribution." *Id.* ¶ 7. Elm Co. failed to respond by that date. *Id.* On May 2, 2025, Rust emailed and mailed a final determination letter to Elm Co., stating that it is ineligible for the secondary distribution. *Id.* ¶ 7, Ex. 3 (May 2, 2025 Determination Letter). In response to Rust's email, Ms. Stevens replied, challenging Rust's re-examination of Elm Co.'s claim. *Id.* ¶ 7, Ex. 4 (Correspondence between Rust and Elm Co. from March 25, 2025 to May 6, 2025). She also failed to provide any additional information to validate Elm Co.'s claim. *Id.* ¶ 7.

Elm Co.'s Objection now raises an additional red flag. *Id.* ¶ 8. Rust and Class Counsel note that USPS Tracking for Elm Co.'s Objection indicates that the shipping label was created on May 6, 2025 and USPS took possession of the package in Flint, Michigan—nowhere near Costa Rica—on the same date.[3] *Id.* ¶ 8, Ex. 5 (Printout of USPS Tracking for Elm Co.'s Objection).

## III.    CONCLUSION

The Court should overrule Elm Co.'s Objection because Class Counsel, as the Court-appointed Settlement Class Counsel, and Rust, as the Court-appointed Settlement Administrator, have the authority to re-examine suspicious claims; Class Counsel and Rust have an obligation to pay only qualified claimants; and Elm Co. failed to establish that it has any qualifying purchases. Elm Co. is not a Settlement Class Member and is not entitled to share in the secondary distribution to occur on or before July 1, 2025.

---

[3] USPS Tracking, USPS.COM,
https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLabels=9205590152661900220083 2731%2C%2C&tABt=false (last visited May 13, 2025) (showing USPS Tracking Statuses for Tracking Number: 9205590152661900220083 2731).

---

Plaintiffs' Response to Objection by Jeanette Stevens t/a Elm Co.;                    4
MDL No. 1913; Case No. 3:07-cv-05634-CRB

1   Dated: May 13, 2025                    Respectfully submitted,

2   /s/ Elizabeth T. Castillo             /s/ Christopher L. Lebsock

3   Adam J. Zapala                        Michael P. Lehmann
    Elizabeth T. Castillo                 Christopher L. Lebsock
4   **COTCHETT, PITRE & McCARTHY, LLP**   **HAUSFELD LLP**
    840 Malcolm Road                      600 Montgomery Street, Suite 3200
5   Burlingame, CA 94010                  San Francisco, CA 94111
    Phone: (650) 697-6000                 Phone: (415) 633-1908
6   Fax: (650) 697-0577                   Fax: (415) 358-4980

7   *Co-Lead Counsel for Plaintiffs and the Classes*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    Plaintiffs' Response to Objection by Jeanette Stevens t/a Elm Co.;          5
    MDL No. 1913; Case No. 3:07-cv-05634-CRB

1

2

3

4

5

6

7

8

9

10

11       **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
12       **SAN FRANCISCO DIVISION**

13

| 14 | **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Civil Case No. 3:07-cv-05634-CRB |
| 15 | | MDL No. 1913 |
| 16 | **This Document Relates To:** | **DECLARATION OF JOEL K. BOTZET IN SUPPORT OF PLAINTIFFS' RESPONSE TO OBJECTION BY JEANETTE STEVENS T/A ELM CO. (ECF NO. 1406)** |
| 17 | **ALL ACTIONS** | |
| 18 | | |

19

20

21

22

23

24

25

26

27

28

Declaration of Joel K. Botzet in Support of Plaintiffs' Response to Objection by Jeanette
Stevens t/a Elm Co.; MDL No. 1913; Case No. 3:07-cv-05634-CRB

I, JOEL K. BOTZET, declares and states that:

1.      I am a Client Service Director for Rust Consulting, Inc. ("Rust"), the Court-appointed Claims Administrator for the class action Settlements in this case. My business address is 920 Second Avenue South, Suite 400, Minneapolis, Minnesota 55402. My business telephone number is 612-359-2035. I am authorized to make this declaration on behalf of Rust.

2.      Rust has extensive experience in class action matters, having provided settlement administration services in class action lawsuits affecting millions of class members in cases involving antitrust, employment, consumers, banking and financial services, property, insurance, securities, and products liability, among its more than 8,000 projects.

3.      Except as otherwise stated, I am fully familiar with and have personal knowledge of the matters stated in this declaration and am competent to testify about them if called upon to do so. I submit this declaration in support of Plaintiffs' Response to Objection by Jeanette Stevens t/a Elm Co.

4.      Rust and Class Counsel re-examined 17 previously approved claims, including Elm Co.'s claim, earlier this year because they aroused suspicion.

5.      Elm Co.'s claim aroused suspicion warranting re-examination for the following reasons: Like Xanadu Corp., in response to the initial audit in 2020, Elm Co. submitted a 1.5-page affidavit in support of its 1,782 claimed tickets, including 212 fuel surcharge tickets, which are U.S.-originating travel to Japan on JAL and ANA flights between February 1, 2005 and December 31, 2007 that included a fuel surcharge. *See* Ex. 1 (Elm Co.'s response to Rust's initial audit in 2022). Elm Co. provided no other documentation, such as receipts showing ticket purchases, cancelled checks, credit card statements, travel itineraries, or email confirmation of ticket purchases.

6.      Elm Co.'s number of claimed tickets, particularly fuel surcharge tickets, is suspicious because it is purportedly a Costa Rica company with a Costa Rica address.[1]

---

[1] Elm Co.'s Objection lists its address as Elm, Apartado 10210-1000, San Jose, Costa Rica, SC 10102. Elm Co.'s Objection at 5-6.

1  Additionally, Rust was unable to confirm Elm Co.'s existence and likelihood of purchasing

2  tickets. Rust was also unable to find any online presence for Elm Co. or its Managing Director,

3  Jeanette Stevens. Elm Co.'s address does not appear on Google Maps. Taken together, these facts

4  suggest Elm Co.'s claim is fraudulent.

5       7.     On March 24, 2025, to further deter potentially fraudulent claimants, Rust emailed

6  and mailed Elm Co. requesting additional information to validate its claim as part of its re-

7  examination of Elm Co.'s claim; Rust requested a response by April 24, 2025. *See* Ex. 2 (March

8  24, 2025 Audit Letter). The Audit Letter stated, "Failure to respond with the requested

9  information by the deadline may result in ELM CO's claim being ineligible for the Secondary

10  Distribution." Elm Co. failed to respond by that date. On May 2, 2025, Rust emailed and mailed

11  a final determination letter to Elm Co., stating that it is ineligible for the secondary distribution.

12  *See* Ex. 3 (May 2, 2025 Determination Letter). In response to Rust's email, Ms. Stevens replied,

13  challenging Rust's re-examination of Elm Co.'s claim. *See* Ex. 4 (Correspondence between Rust

14  and Elm Co. from March 25, 2025 to May 6, 2025). She also failed to provide any additional

15  information to validate Elm Co.'s claim.

16       8.     Elm Co.'s Objection now raises an additional red flag. Rust and Class Counsel

17  note that USPS Tracking for Elm Co.'s Objection indicates that the shipping label was created

18  on May 6, 2025 and USPS took possession of the package in Flint, Michigan—nowhere near

19  Costa Rica—on the same date.[2] *See* Ex. 5 (Printout of USPS Tracking for Elm Co.'s Objection).

20       9.     Attached hereto as Exhibit 1 is a true and correct copy of Elm Co.'s response to

21  Rust's initial audit in 2022.

22       10.     Attached hereto as Exhibit 2 is a true and correct copy of Rust's March 24, 2025

23  Audit Letter to Elm Co.

24

25  _____

26  [2] USPS Tracking, USPS.com,
https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLabels=92

27  05590152661900220083273l%2C%2C&tABt=false (last visited May 13, 2025) (showing USPS
Tracking Statuses for Tracking Number: 9205590152661900220083273l).

28

_____

Declaration of Joel K. Botzet in Support of Plaintiffs' Response to Objection by Jeanette
Stevens t/a Elm Co.; Case No. 3:07-cv-05634-CRB         2

1      11.     Attached hereto as Exhibit 3 is a true and correct copy of Rust's May 2, 2025

2  Determination Letter to Elm Co.

3      12.     Attached hereto as Exhibit 4 is a true and correct copy of correspondence between

4  Rust and Elm Co. from March 25, 2025 to May 6, 2025.

5      13.     Attached hereto as Exhibit 5 is a true and correct copy of USPS Tracking for Elm

6  Co.'s Objection.

7      I declare under penalty of perjury under the laws of the United States that the foregoing is

8  true and correct to the best of my knowledge.

9      Executed this 13th day of May, 2025 in Minneapolis, Minnesota.

10

11

12  Joel K. Botzet

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

# EXHIBIT 1



5872



414732-6-5-PRI
elm
apartado 10210-1000
san jose, san jose 10102

1*************************SNGLP 480

transpacific airline settlement
PO Box 2209
Faribault, MN 55021-1609

## AFFIDAVIT

The undersigned, being duly sworn, deposes and states the following:

(1)    I am Managing Director of Elm Co (Elm), am duly authorized to act on its behalf, and am informed and knowledgeable with regards to Elm's claim 0000144934 made relative to the Transpacific Transport Antitrust Settlements (Settlements).

(2)    On or around December 22nd, 2020 Elm received materials from the Administrator of the Settlements captioned "IMPORTANT LEGAL MATERIALS... REQUEST FOR MORE INFORMATION ***** Claim no 0000144934," sent via airmail from the USA to Elm's offices in Costa Rica, said materials requesting additional data regarding Elm's above-referenced claim by an October 12 deadline date. Said materials were received months after the listed date of October 12 and as such providing a timely response in those terms was not possilbe.

(3)    Based on the above-referenced facts, Elm requests that this response be accepted as received in time to be considered part of Elm's claim file.

(4)    Between the years of 2000 and 2009, Elm was a business consumer of transpacific air passenger transport to Taiwan and to Japan.

(5)    In the process of engaging in its day to day business, Elm made the following purchases of transpacific air passenger transport:

1. In 2000 Elm purchased 48 flights between the USA and Taipei, Taiwan via Thai Airways.
2. In 2001 Elm purchased 50 flights between the USA and Taipei, Taiwan via Thai Airways.
3. In 2002 Elm purchased 51 flights between the USA and Taipei, Taiwan via China Airlines.
4. In 2003, Elm purchased 57 flights between the USA and Taipei, Taiwan via China Airlines.
5. In 2004, Elm purchased 61 flights between the USA and Tokyo, Japan via China Airlines.
6. In 2005, between January 1 and January 31, Elm purchased 5 flights between the USA and Tokyo, Japan via China Airlines.
7. In 2005, between February 1 and December 31, Elm purchased 68 flights between the USA and Tokyo, Japan via Japan Airlines (JAL).
8. In 2006 Elm purchased 74 flights between the USA and Tokyo, Japan via Japan Airlines (JAL).
9. In 2007 Elm purchased 70 flights between the USA and Tokyo, Japan via Japan Airlines (JAL).
10. In 2008 Elm purchased 64 flights between the USA and Tokyo, Japan via Thai Airways.
11. In 2009 Elm purchased 46 flights between the USA and Tokyo, Japan via Thai Airways.

Each of the claimed purchases mentioned hereinabove were made from defendants and/or co-conspirators.  Each of the claimed flights originated inside the United States.  Each of the claimed purchases were made during the eligibility period for each of the three settlement rounds between January 1, 2000 and December 1, 2016.  Each of the claimed purchases in the Japan Settlement Class paid a fuel surcharge and were made during the eligibility period for the Japan Settlement Class between February 1, 2005 and December 31, 2007.  Each of the claimed purchases were made for Elm's own business use and not for the purpose of resale of the ticket.

(6)    In total, during the eligible class period, Elm purchased 174 transpacific flight tickets from China Airlines, 212 transpacific flight tickets from Japan Airlines (JAL), and 208 transpacific flight tickets from Thai Airways, for a grand total of 594 transpacific flight tickets purchased.

(7)    The claimed purchases qualify under the settlement and class definitions and specifications.

The foregoing is declared to be true and correct under penalties of perjury under the laws of the United States on this 4th day of January, 2021.

ELM CO

By: Jeanette Stevens
Its: Managing Director

*0000146302* — UAA - 8 - 1181

ELM CO
JEANNETTE STEVENS
APTDO 10210-1000
SAN JOSE, SAN JOSE 10102

COSTA RICA

| FOR OFFICIAL USE ONLY |
| :-: |
| 07 |

Page 1 of 2

☐ If the pre-printed information to the left is not correct or if there is no pre-printed information, please check the box and complete the information below:

Name: _____

Address: _____

City: _____

State: _____ Zip Code: ___ ___ ___ ___ ___

# REQUEST FOR FIRST ROUND INFORMATION FORM

Listed on the next page is the purchase information you provided for the Qantas, Cathay Pacific, and Thai Airlines Settlement Classes with the claim form deadline of October 13, 2015 and the JAL, Air France, Singapore Airlines, Vietnam Airlines, and Malaysian Air Settlement Classes with the claim form deadline of April 3, 2018.

Return this form with the documentation for the tickets purchased. Adequate documentation may consist of receipts showing your purchases, cancelled checks or credit card statements, travel itineraries, e-mail confirmation of a ticket purchase, and/or other documentation to support your claim. Feel free to redact or "black out" information pertaining to unrelated transactions or other personal financial information.

Please return the completed Audit Form(s) with your documentation of purchases to the address listed above by

October 12, 2020.

**Sign and Date**

I (we) declare under penalty of perjury, that the documentation provided with this letter is true and correct to the best of my knowledge and represents the tickets I purchased from January 1, 2000 to the Effective Date.

_____
Claimant Signature

01/04/2021
_____
Date

Jeanette Stevens, Managing Director
Print Name/Capacity of person signing







8-1181

*0000146302*

## Purchase Information

Provide documentation for the total number of tickets listed below that were purchased from a Defendant or Co-Conspirator where at least one flight segment was between the U.S and Asia or Oceania (Australia, New Zealand or the Pacific Islands) from January 1, 2000 through the Effective Date.

| Column 1<br><br>Airline that sold you ticket for travel | Column 2<br>Total Number of Tickets Purchased for travel between the U.S. and Asia/Oceania | Column 3<br>Number of Tickets Identified in Column 2 that were Purchased for One-Way or Roundtrip Travel Originating in the United States |
|---|---|---|
| CHINA AIRLINES | 174 | 174 |
| JAPAN AIRLINES (JAL) | 212 | 212 |
| THAI AIRWAYS | 208 | 208 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## Purchase Information (continued)

With respect to claims concerning travel on Asiana Airlines and/or Korean Airlines where at least one flight segment was between the U.S. and Asia or Oceania (Australia, New Zealand or the Pacific Islands) from January 1, 2000 through the Effective Date, provide documentation for the tickets claimed in the following section:

| Column 1<br><br>Airline that sold you ticket for travel | Column 2<br>Total Number of Tickets Purchased for travel between the U.S. and Asia/Oceania | Column 3<br>Number of Tickets Identified in Column No. 2 that were Purchased for One-Way or Roundtrip Travel Originating in the United States | Column 4<br>Number of Tickets Identified in Column No. 3 where the Republic of Korea was the destination | Column 5<br>Number of Tickets Identified in Column No. 2 that were Purchased for One-Way or Roundtrip Travel Originating in the Republic of Korea |
|---|---|---|---|---|
| Asiana Airlines |  |  |  |  |
| Korean Airlines |  |  |  |  |

---

² China Airlines is the airline based in Taiwan. It should not be confused with Air China, based in the People's Republic of China.

*0000146302*    – UAA – 8 – 1181

ELM CO
JEANNETTE STEVENS
APTDO 10210-1000
SAN JOSE, SAN JOSE 10102

COSTA RICA

FOR OFFICIAL USE ONLY

07

Page 1 of 2

☐ If the pre-printed information to the left is not correct or if there is no pre-printed information, please check the box and complete the information below:

Name: _____

Address: _____

City: _____

State: _____ ____ Zip Code: ___ ___ ___ ___ ___

# REQUEST FOR SECOND ROUND INFORMATION FORM

Listed on the next page is the purchase information you provided for the ANZ, EVA/China Airlines, and PAL Settlement Classes with the claim form deadline of December 21, 2018.

Return this form with the documentation for the tickets purchased. Adequate documentation may consist of receipts showing your purchases, cancelled checks or credit card statements, travel itineraries, e-mail confirmation of a ticket purchase, and/or other documentation to support your claim. Feel free to redact or "black out" information pertaining to unrelated transactions or other personal financial information.

Please return the completed Audit Form(s) with your documentation of purchases to the address listed above by

October 12, 2020.

**Sign and Date**

I (we) declare under penalty of perjury, that the documents provided with this letter is true and correct to the best of my knowledge and represents the tickets I purchased from January 1, 2000 to the December 1, 2016. I understand that my Claim may be subject to audit verification and Court review.

01/04/2021

Claimant Signature                                    Date

**Jeanette Stevens, Managing Director**

Print Name/Capacity of person signing









8-1181

*0000146302*

## Purchase Information

Provide documentation for the total number of tickets listed below that were purchased from a Defendant or Co-Conspirator that included at least one flight segment originating in the U.S. to Asia or Oceania (Australia, New Zealand or the Pacific Islands) from January 1, 2000 through December 1, 2016.

| Column 1<br>Airline that sold you ticket for travel | Column 2<br>Number of Tickets that were Purchased for One-Way or Roundtrip Travel Originating in the United States |
|---|---|
| CHINA AIRLINES | 174 |
| JAPAN AIRLINES (JAL) | 212 |
| THAI AIRWAYS | 208 |

---

¹ China Airlines is the airline based in Taiwan.  It should not be confused with Air China, based in the People's Republic of China.

*0000146302* – UAA – 8 – 1181

ELM CO
JEANNETTE STEVENS
APTDO 10210-1000
SAN JOSE, SAN JOSE 10102

COSTA RICA

**FOR OFFICIAL USE ONLY**

07

Page 1 of 2

☐ If the pre-printed information to the left is not correct or if there is no pre-printed information, please check the box and complete the information below:

Name: _____

Address: _____

City: _____

State: ___ ___   Zip Code: ___ ___ ___ ___ ___

# REQUEST FOR THIRD ROUND INFORMATION FORM

Listed on the next page is the purchase information you provided for the Japan, *Satogaeri*, and Settlement Class III Classes with the claim form deadline of April 1, 2020.

Return this form with the documentation for the tickets purchased. Adequate documentation may consist of receipts showing your purchases, cancelled checks or credit card statements, travel itineraries, e-mail confirmation of a ticket purchase, and/or other documentation to support your claim. Feel free to redact or "black out" information pertaining to unrelated transactions or other personal financial information.

Please return the completed Audit Form(s) with your documentation of purchases to the address listed above by

October 12, 2020.

### Sign and Date

I (we) declare under penalty of perjury, that the documentation provided with this letter is true and correct to the best of my knowledge and represents the tickets I purchased from January 1, 2000 to December 1, 2016. I understand that my Claim may be subject to audit verification and Court review.

_____          01/04/2021
Claimant Signature                                                                      Date

Jeanette Stevens, Managing Director
Print Name/Capacity of person signing







8-1181

*0000146302*

## Purchase Information

Provide documentation for the total number of tickets listed below that were purchased from a Defendant or Co-Conspirator where at least one flight segment originated in the U.S. to Asia or Oceania (Australia, New Zealand or the Pacific Islands), and the purchase was made between January 1, 2000 and December 1, 2016.

| Column 1 | Column 2 |
|---|---|
| Airline that sold you ticket for travel | Number of Tickets that were Purchased for One-Way or Roundtrip Travel Originating in the United States |
| CHINA AIRLINES | 174 |
| JAPAN AIRLINES (JAL) | 212 |
| THAI AIRWAYS | 208 |

Provide documentation for the tickets claimed in the following section that you purchased from All Nippon Airways and/or Japan Airlines where at least one flight segment meets the criteria of the Japan Settlement Class or *Satogaeri* Settlement Class (defined above):

| Column 1 | Column 2 | Column 3 |
|---|---|---|
| Airline that sold you ticket for travel | Number of Tickets Identified above that you Purchased between February 1, 2005 and December 31, 2007 and paid a Fuel Surcharge | Number of Tickets Identified above that you Purchased between January 1, 2000 and April 1, 2006 for an eligible *Satogaeri* Fare |
| All Nippon Airways | | |
| Japan Airlines | 212 | 0 |

---

¹ China Airlines is the airline based in Taiwan. It should not be confused with Air China, based in the People's Republic of China.



243 JNJMP1 5502:

JAN 1 3 2021

Presorted
First-Class Mail
US Postage Paid
Click2Mail
22202

# EXHIBIT 2

TRANSPACIFIC AIR TRANSPORTATION SETTLEMENT
C/O RUST CONSULTING INC - 4422
PO BOX 2209
FARIBAULT MN 55021-1609

**IMPORTANT LEGAL MATERIALS**                    Class Member ID #: 0000146302

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ - UAA - 8
* 0 0 0 0 1 4 6 3 0 2 *

ELM CO
JEANNETTE STEVENS
APTDO 10210-1000
SAN JOSE, SAN JOSE 10102

COSTA RICA

RE: Transpacific Air Settlement Request for Additional Information

ELM CO,

To further deter potentially fraudulent claimants, at the request of Class Counsel, the Settlement Administrator is requesting additional information to establish the validity of ELM CO's claim for 1,782 tickets to the settlements in *In re Transpacific Passenger Air Transportation Antitrust Litigation*.

To facilitate the validation of ELM CO's claim and eligibility for the Secondary Distribution, please provide the following:

- ELM CO's Articles of Incorporation and other such documents, including bylaws, demonstrating that it is a bona fide company;
- The nature of ELM CO's business, how it's connected to travel to Asia/Oceania during the class period, and its number of employees;
- An explanation of where the tickets were purchased; and
- More information regarding the airline tickets purchased that are referenced in the 1/4/2021 Jeanette Stevens audit response, including:
  - o  Receipts showing ticket purchases;
  - o  Cancelled checks and/or credit card statements reflecting ticket purchases (Redact or "black out" information pertaining to unrelated transactions or other personal financial information);
  - o  Travel itineraries; or
  - o  E-mail confirmation of ticket purchases.
- If you do not have documentation proving your ticket purchases within the class period, you must provide an explanation of the methodology used to determine the number of tickets claimed.
- Redact or "black out" information pertaining to unrelated transactions or other unrelated personal financial information in the documentation provide.

Provide your response via email to info@airlinesettlement.com or by mail to the address below so that it is received by **April 24, 2025**. Failure to respond with the requested information by the deadline may result in ELM CO's claim being ineligible for the Secondary Distribution.

Sincerely,

Settlement Administrator
Transpacific Air Transportation Settlement
C/O Rust Consulting, Inc. - 4422
PO BOX 2209
Faribault MN 55021-1609

# EXHIBIT 3

TRANSPACIFIC AIR TRANSPORTATION SETTLEMENT
C/O RUST CONSULTING INC - 4422
PO BOX 2209
FARIBAULT MN 55021-1609

**IMPORTANT LEGAL MATERIALS**

**Class Member ID #: 0000146302**

||||||| |||| ||||||| |||||||||| |||||| |||||| ||||||| - UAA - 8
* 0 0 0 0 1 4 6 3 0 2 *

ELM CO
JEANNETTE STEVENS
APTDO 10210-1000
SAN JOSE, SAN JOSE 10102

COSTA RICA

May 2, 2025

RE: Transpacific Air Settlement Request for Additional Information

ELM CO,

To further deter potentially fraudulent claimants, at the request of Class Counsel, the Settlement Administrator mailed a letter and sent an email requesting additional information to establish the validity of ELM CO's claim for 1,782 tickets to the settlements in *In re Transpacific Passenger Air Transportation Antitrust Litigation*.

A response for the additional information requested on March 24, 2025 to establish the validity of claimed tickets to the settlements in *In re Transpacific Passenger Air Transportation Antitrust Litigation* was **not** received by the deadline of **April 24, 2025**. Failure to respond with the requested information by the deadline has resulted in ELM CO's claim being ineligible for the Secondary Distribution.

Sincerely,

Settlement Administrator
Transpacific Air Transportation Settlement
C/O Rust Consulting, Inc. - 4422
PO BOX 2209
Faribault MN 55021-1609

# EXHIBIT 4

## Fwd: Transpacific Air Settlement Request for Additional Information Class Member ID: 146302

1 message

---------- Forwarded message ---------
From: airlinesettlement <info@airlinesettlement.com>
Date: Tuesday, May 6, 2025 at 4:13:05 PM UTC-5
Subject: Re: Transpacific Air Settlement Request for Additional Information Class Member ID: 146302
To: airlinesettlement <info@airlinesettlement.com>
Cc: Jeannette Stevens <conservationtrust@live.com>

Thank you for your inquiry.

Class Counsel and Rust may audit/re-examine claims consistent with their obligation to pay only qualified claimants. *See, e.g.,* Order Setting Hearing, *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 3:07-cv-05634-CRB (ECF No. 1358), Sept. 28, 2022.

Failure to respond with the requested information by the deadline has resulted in this claim being ineligible for the Secondary Distribution.

Sincerely,
Settlement Administrator
Transpacific Air Transportation Settlement
C/O Rust Consulting Inc – 4422
PO BOX 2209
Faribault MN 55021-1609

On Friday, May 2, 2025 at 1:45:40 PM UTC-5 Jeannette Stevens wrote:

Dear Sirs,

Thank you for your email.

This is extremely burdensome for what I assume will be a very small amount, considering that it is a secondary distribution of residual funds. Is there a court order authorizing this second audit at this late point in the litigation?

Jeanette Stevens
ELM Co

---

**From:** airlinesettlement <info@airlinesettlement.com>
**Sent:** Friday, May 2, 2025 11:34 AM
**To:** airlinesettlement <info@airlinesettlement.com>
**Cc:** airlinesettlement <info@airlinesettlement.com>; conservationtrust@live.com <conservationtrust@live.com>
**Subject:** Re: Transpacific Air Settlement Request for Additional Information Class Member ID: 146302

Good afternoon,
Attached is a letter that was mailed to you via USPS mail May 2, 2025.

A response for the additional information requested to establish the validity of claimed tickets to the settlements in In re Transpacific Passenger Air Transportation Antitrust Litigation was not received by the deadline of **April 24, 2025**. Failure to respond with the requested information by the deadline has resulted in this claim being ineligible for the Secondary Distribution.

Sincerely,
Settlement Administrator
Transpacific Air Transportation Settlement
C/O Rust Consulting Inc – 4422
PO BOX 2209
Faribault MN 55021-1609

On Tuesday, March 25, 2025 at 4:35:25 PM UTC-5 airlinesettlement wrote:

Good afternoon,

Attached is a letter that was mailed to you via USPS Priority mail yesterday, March 24, 2025.

Provide your response via email to info@airlinesettlement.com or by mail to the address below so that it is received by **April 24, 2025**. Failure to respond with the requested information by the deadline may result in your claim being ineligible for the Secondary Distribution.

Sincerely,
Settlement Administrator
Transpacific Air Transportation Settlement
C/O Rust Consulting Inc – 4422
PO BOX 2209
Faribault MN 55021-1609

---

Please consider the environment before printing or forwarding this email. If you do print this email, please recycle the paper.

---

This email message may contain confidential, proprietary and/or privileged information. It is intended only for the use of the intended recipient(s). If you have received it in error, please immediately advise the sender by reply email and then delete this email message. Any disclosure, copying, distribution or use of the information contained in this email message to or by anyone other than the intended recipient is strictly prohibited. Any views expressed in this message are those of the individual sender, except where the sender specifically states them to be the views of Exela Technologies, Inc. or its subsidiaries. This email does not constitute an agreement to conduct transactions by electronic means and does not create any legally binding contract or enforceable obligation against Exela in the absence of a fully signed written agreement.

---

# EXHIBIT 5

# USPS Tracking®

FAQs ›

**Tracking Number:**

9205590152661900220832731

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

Remove ✕

### Latest Update

Your item was delivered in or at the mailbox at 12:28 pm on May 9, 2025 in SAN FRANCISCO, CA 94102.

Get More Out of USPS Tracking:

USPS Tracking Plus®

### Delivered

**Delivered, In/At Mailbox**
SAN FRANCISCO, CA 94102
May 9, 2025, 12:28 pm

**Out for Delivery**
SAN FRANCISCO, CA 94102
May 9, 2025, 6:10 am

**Arrived at Post Office**
SAN FRANCISCO, CA 94124
May 9, 2025, 5:39 am

**Departed USPS Regional Facility**
SAN FRANCISCO CA DISTRIBUTION CENTER
May 9, 2025, 4:26 am

**Arrived at USPS Regional Facility**
SAN FRANCISCO CA DISTRIBUTION CENTER
May 9, 2025, 3:31 am

**Departed USPS Regional Facility**
SAN FRANCISCO CA DISTRIBUTION CENTER
May 9, 2025, 2:34 am

**Arrived at USPS Regional Destination Facility**
SAN FRANCISCO CA DISTRIBUTION CENTER
May 8, 2025, 11:06 pm

**In Transit to Next Facility**
May 8, 2025

**Arrived at USPS Regional Origin Facility**
DETROIT MI DISTRIBUTION CENTER
May 7, 2025, 1:01 am

**USPS in possession of item**
FLINT, MI 48502
May 6, 2025, 5:26 pm

**Pre-Shipment, USPS Awaiting Item**
May 6, 2025

Hide Tracking History

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

Text & Email Updates                                    ⌄

USPS Tracking Plus®                                      ⌄

Product Information                                      ⌃

**Postal Product:**
Priority Mail®

**Features:**
USPS Tracking®
Up to $100 insurance included. Restrictions Apply ⓘ

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

Feedback

**Need More Help?**

Contact USPS Tracking support for further assistance.

FAQs