# EXHIBIT H

**FILED**

MAY 20 2025

**RECEIVED**

US DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

MAY 20 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE:  TRANSPACIFIC AIRLINE  Case No. 07-cv-05634-CRB

To the Honorable Charles Breyer, U. S. District Judge:

REPLY IN SUPPORT OF PETITION/OBJECTION PURSUANT TO 28 USC 1651

  Class Counsel responds stating it unilaterally denied second payments to *seventeen* claimants.   To support its authority, it cites docket entry 1358, an Order pertaining to a single claimant and a single situation.  That Order did not provide Class Counsel with this sweeping authority, but only authority as to a single claimant and claim.

  Most claimants in this case are defunct or historical companies considering the dates when the air travel took place and the passage of time.  It is unreasonable three decades after flights to have copies of the tickets, purchase receipts, etc., especially considering that the claim was approved and paid and no reason existed to retain the type of purchasing information.

  Class Counsel could have, at any time during the appeal of the Order setting the terms of the second distribution, or thereafter, asked this Court for relief under Rule 60 allowing further examinations.  Here the examinations of seventeen claimants occurred without judicial approval and no Rule 60 motion.

  The January 10, 2025, filings[1] did not mention any examinations, modifications to the plan of distribution, etc. See 1397 and 1397-1.   On the contrary, paragraph 6 of 1391-1  states clearly that, "Rust, in conjunction with Class Counsel, will proceed with the distribution of the remaining settlement funds, totaling $5,191,987.33, to settlement class members who cashed their checks and who would receive a minimum payment of $10 from the secondary distribution."

  The fact that the claim – in this international litigation – originated from Costa Rica poses no real issue and Class Counsel provides no statistics on the number of claims originating from non-USA locations.  Class Counsel's complaints that the tracking of the filing originated in Michigan is an example of the arbitrariness and lack of knowledge of Class Counsel.  Mail from Costa Rica takes up to one month to arrive, so claimant used Docupost to have it timely delivered. This is obvious from the Docupost stamp on the document. [2]

---

[1]  The undersigned erroneously referenced this filing in the original objection as being filed in February 2025.

[2] I can remail the objection from Costa Rica to obtain a Costa Rican post-mark, but it is unclear why that would be necessary.  The original check was mailed to Costa Rica.  The second

There would be no reason for Claimant to list any business with Google Maps because operations ceased over a decade ago.  This would be equally the case for many class members.  Practically no smaller business remains vibrant from the claims period decades ago.

Based on information, Class Counsel examined claims put in individually by companies and did not review claims placed by the vast majority of claimants that used processing agencies to submit their claims, which raises concerns relative to  fairness and consistency.

Even if re-examination in contravention of the distribution Order would somehow be appropriate — which is not conceded — Class Counsel did not have this Court review the procedures as to who was chosen for examination and the criteria used, the expenses to do so, etc.  This lack of transparency underscores the procedural impropriety of the actions taken.

Finally, this appears to violate Rule 23(e)(iii)(D) in that class members are not being treated similar or relative to each other.  This disparate treatment should have been outlined at the settlement stages so that opt out could have occurred.


**Conclusion**

Class Counsel maintained no authority to deviate from the law of the case, it did not file a Rule 60 motion to modify the affirmed Order of Court, and claimants cannot be expected to justify their purchases so late in the litigation, decades after the travel.  The unilateral withholding of payments due to class members violates both the letter and spirit of the Court's distribution Order and undermines confidence in the integrity of the settlement process.


Respectfully submitted

Jeanette Stevens t/a Elm Co
Claimant ID: 146302
Apartado  10210-1000
SAN JOSE, SAN JOSE 10102
conservationtrust@live.com

_____

check would be mailed to Costa Rica.  There exists no real issue with the fact that the objection and this reply used a courier service in the United States to reach the court quick.

This envelope is made from post-consumer waste. Please recycle - again.

# PRIORITY
## ★ MAIL ★
# EXPRESS™

**PRIORITY MAIL EXPRESS™
POSTAGE REQUIRED**

*PRESS FIRMLY TO SEAL*

861621X1X1XPRI

RECEIVED

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MAY 30 2025

**E**

PRIORITY MAIL EXPRESS
U.S. POSTAGE PAID
C2M
eVS

## PRIORITY MAIL EXPRESS®

JSELM
APARTADO 10210-1000
SAN JOSE COSTA RICA, AA 10102



PRESS FIRMLY TO SEAL

UNITED STATES
POSTAL SERVICE®

CLERK OF COURT
US DISTRICT COURT
Box 36060
450 Golden Gate Ave  Ste 36060
San Francisco, CA 94102-3489

USPS TRACKING # eVS

9 270 1 901 5266 1900 2206 4789

February 2015
OD: 12.5 x 9.5

PS11101091121

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law.

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.