# EXHIBIT K

(1 of 6), Page 1 of 6    Case: 25-4097, 08/20/2025, DktEntry: 5.13, Page 1 of 6

Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com

*Co-Lead Counsel for Plaintiffs and the Classes*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**ALL ACTIONS** | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913<br><br>**PLAINTIFFS' RESPONSE TO OBJECTOR DAVID GOULD'S MOTION TO COMPEL STRICT COMPLIANCE WITH SECOND DISTRIBUTION ORDER; MOTION TO COMPLY WITH MANDATE; MOTION FOR RECONSIDERATION; AND OBJECTIONS (ECF NO. 1408)** |

Plaintiffs' Response to Objector David Gould's Motion to Compel Strict Compliance with Second Distribution Order; Motion to Comply with Mandate; Motion for Reconsideration; and Objections (ECF No. 1408); MDL No. 1913; Case No. 3:07-cv-05634-CRB

1

## I. OVERVIEW

On April 23, 2025, Objector and Claimant David Gould moved the Court to order prompt compliance with the Secondary Distribution Order.[1] This Court denied Mr. Gould's motion on May 5, 2025, stating it "is satisfied with Plaintiffs' assertion that 'Plaintiffs and Rust anticipate making' the 'distribution or before July 1, 2025." Order Denying Motion to Compel Prompt Compliance with Second Distribution Order (ECF No. 1405) ("Order").

Dissatisfied with the Court's ruling, on May 19, 2025, Mr. Gould renewed his motion to compel, seeking the Court to reconsider its ruling and now urging the Court to micromanage the distribution process. *See* Motion to Compel Strict Compliance with Second Distribution Order; Motion to Comply with Mandate; Motion for Reconsideration; and Objections at 5 (ECF No. 1408) ("Renewed Mot. to Compel") ("[T]his Court needs to Compel Class Counsel to comply with the Second Distribution Order and disallow the deviation (payments to people who did not cash their check and re-examination of people who did." [*sic*]). The Court should deny Mr. Gould's Renewed Motion to Compel for the reasons set forth below.

## II. ARGUMENT

### A.    The Court Should Deny Reconsideration

Mr. Gould asks the Court to reconsider its Order but fails to meet the legal standard for reconsideration. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Mr. Gould has not presented the Court with any such facts. "[A] motion to reconsider is not a vehicle permitting the unsuccessful party to 'rehash' arguments previously presented." *Bailey v. Diaz*, No. C 12-1414 CRB (PR), 2013 WL 6189183,

---

[1] Order Granting Plaintiffs' Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses (ECF No. 1378).

Plaintiffs' Response to Objector David Gould's Motion to Compel Strict Compliance with Second Distribution Order; Motion to Comply with Mandate; Motion for Reconsideration; and Objections (ECF No. 1408); MDL No. 1913; Case No. 3:07-cv-05634-CRB

2

1  at *1 (N.D. Cal. Nov. 25, 2013). Even if the Court reconsidered Mr. Gould's motion to compel
2  and ordered prompt compliance with the Secondary Distribution Order today, the secondary
3  distribution could not realistically occur significantly sooner than July 1, 2025 given the lead
4  time required to make a distribution (*e.g.*, calculating payments, printing checks, mailing
5  checks).

### B. The Court Previously Authorized Rust and Class Counsel to Re-Examine Previously Approved Claims That Aroused Suspicion

Contrary to Mr. Gould's representations, nothing in the Secondary Distribution Order or the Ninth Circuit's order affirming the Secondary Distribution Order prevents Class Counsel and Rust from re-examining previously approved claims that aroused suspicion.[2] Renewed Mot. to Compel ¶¶ 6, 11. In fact, as Plaintiffs explained in their May 13, 2025 Response to Objection by Jeanette Stevens t/a Elm Co. Objection (ECF No. 1407), this Court authorized Rust and Class Counsel to "audit/re-examine" previously approved claims "consistent with their obligation to pay only qualified claimants." *See, e.g.*, Order Setting Hearing (ECF No. 1358) (allowing Rust and Class Counsel to re-examine Xanadu Corp.'s previously approved claim); Secondary Distribution Order ¶ 2 (overruling Xanadu Corp.'s objections because it failed to "establish that it had any qualifying purchases" based on Rust and Class Counsel's re-examination of its claim); Order Denying Motion for Reconsideration (ECF No. 1385) (remarking that Plaintiffs "list[ed] a number of reasons why Xanadu's claim aroused suspicion" and "[t]hose reasons amply justified re-auditing Xanadu's claims."). This Court has therefore authorized Rust and Class Counsel to re-examine previously approved claims that aroused suspicion.

---

[2] *See, supra*, note 1; *see also, generally*, *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 23-15118, 2024 WL 810703 (9th Cir. Feb. 27, 2024).

Plaintiffs' Response to Objector David Gould's Motion to Compel Strict Compliance with Second Distribution Order; Motion to Comply with Mandate; Motion for Reconsideration; and Objections (ECF No. 1408); MDL No. 1913; Case No. 3:07-cv-05634-CRB

3

### C. Class Counsel and Rust May Reissue Initial Distribution Checks to Qualified Claimants At Their Discretion

Mr. Gould takes issue with Class Counsel and Rust reissuing checks to four settlement class members who are qualified claimants. Renewed Mot. to Compel ¶ 2 (citing Plaintiffs' Notice Regarding Secondary Distribution at 2 (ECF No. 1397)). This Court appointed the undersigned as Settlement Class Counsel[3] and Rust as the Settlement Administrator.[4] Settlement Class Counsel—and, by extension, Rust—have a duty to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). This duty includes, *inter alia*, exercising their discretion to reissue initial distribution checks to qualified claimants who did not receive their initial distribution checks due to exceptional circumstances. Plaintiffs' Notice Regarding Secondary Distribution at 2.

Mr. Gould argues Class Counsel and Rust should have disclosed these four claimants' respective initial distribution amounts and exceptional circumstances warranting check reissue. Renewed Mot. to Compel ¶ 2. Class Counsel and Rust are not obligated to provide such information, and Mr. Gould has not cited any authority requiring them to do so. For each of these four claimants, Class Counsel and Rust reviewed and analyzed the claimant's check reissue request, the stated reason for the request, the claim submission, and any supporting documentation before deciding whether to reissue the check. These are customary steps taken during the settlement administration process and do not require a Court order, as Mr. Gould maintains. *Id.* ¶ 3.

---

[3] *See*, *e.g.*, Order Granting Final Approval of Settlement With Defendant All Nippon Airways Co., Ltd. (ECF No. 1318)

[4] *See*, *e.g.*, Plaintiffs' Notice and Motion for Preliminary Approval of Settlement with Defendant All Nippon Airways Co., Ltd. and for Approval of Notice Program, Notice Forms, and Plan of Allocation; and Memorandum of Points and Authorities in Support Thereof at 13 (ECF No. 1297) (discussing Rust's ongoing role as settlement administrator); Second Amended Order Granting Preliminary Approval of Settlement with Defendant All Nippon Airways Co., Ltd. and of Notice Program, Notice Forms, and Plan of Allocation ¶ 8 (ECF No. 1306) (approving Plaintiffs' proposed settlement notice and administration).

Plaintiffs' Response to Objector David Gould's Motion to Compel Strict Compliance with Second Distribution Order; Motion to Comply with Mandate; Motion for Reconsideration; and Objections (ECF No. 1408); MDL No. 1913; Case No. 3:07-cv-05634-CRB

4

## III. CONCLUSION

The Court should deny Mr. Gould's Renewed Motion to Compel because reconsideration is unwarranted. Furthermore, the Renewed Motion to Compel is moot given the secondary distribution will occur on or before July 1, 2025 and meritless for the reasons stated above.

Dated: May 22, 2025                                          Respectfully submitted,

/s/ Elizabeth T. Castillo                                    /s/ Christopher L. Lebsock
Adam J. Zapala                                               Michael P. Lehmann
Elizabeth T. Castillo                                        Christopher L. Lebsock
**COTCHETT, PITRE & McCARTHY, LLP**                          Seth R. Gassman
840 Malcolm Road                                             **HAUSFELD LLP**
Burlingame, CA 94010                                         600 Montgomery Street, Suite 3200
Phone: (650) 697-6000                                        San Francisco, CA 94111
Fax: (650) 697-0577                                          Phone: (415) 633-1908
                                                             Fax: (415) 358-4980

*Co-Lead Counsel for Plaintiffs and the Classes*

Plaintiffs' Response to Objector David Gould's Motion to Compel Strict Compliance with Second Distribution Order; Motion to Comply with Mandate; Motion for Reconsideration; and Objections (ECF No. 1408); MDL No. 1913; Case No. 3:07-cv-05634-CRB     5