# EXHIBIT L

David Gould
Apartado 201-6151
Unit 12C
Santa Ana, San Jose
10901
Costa Rica
dgould@protectedmail.net
+506-7007-1386

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| IN RE: TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION | Case No. 07-cv-05634-CRB<br><br>MDL No. 1913<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL STRICT COMPLIANCE WITH SECOND DISTRIBUTION ORDER; MOTION TO COMPLY WITH MANDATE; MOTION FOR RECONSIDERATION; AND, OBJECTIONS** |
|---|---|

**Objector[1],** Claimant, and Class Member David Gould replies in support of his moving this Court pursuant to 28 USC 1651 and Rule 59 and 60 to compel Class Counsel to strictly comply with Second Distribution Order and for this Court to reconsider its prior Order denying Gould's motion to compel prompt compliance:

1. Class Counsel claims that "new evidence" is needed to justify reconsideration. The "new evidence" is the previously concealed information that the delay is due to

[1] As required by Rule 23, Objector states that these objections apply to the entire class.

conducting unauthorized re-examinations of previously approved claims, including at least 17 approved class members, resulting in administrative and delay expenses to the class members.

2. Class Counsel argues that the Order allowing re-examination of Xanadu's claim extends to a general re-examination. However, the Order at Entry 1358 stated, "Class Counsel and Rust may audit/re-examine Xanadu's claim" and there was no language granting authority to conduct wholesale re-reviews of other claims. Furthermore, that order predates the Order at entry 1378 directing that secondary payments be provided to parties who cashed their initial distribution. The current actions by Class Counsel and Rust are therefore in direct conflict with the Court's express instructions.

3. As to paying the four class members that did not cash their checks during round one payments, Class Counsel refused to provide any information about the amounts in question or the circumstances. Again, the second distribution Order limited payments to persons who cashed their first checks. Gould recognizes that the claims administrator had a colossal failure in the methods used to send checks to the claimants – something Class Counsel previously downplayed while providing no information. However, their continued refusal to provide explanations leaves an open question as to whether Class Counsel only corrected their errors as to these particular four claimants. On the other hand, Gould could be wrong and the four

payees may not be victims of the misaddressing at all, but may be affiliated with claims processing companies that CPM has a close relationship with. Nobody knows because Class Counsel will not tell us. This Court is obligated to get to the bottom of it.

4. Class Counsel is not correct in stating that it can reissue round one checks to people without court approval. This is because this Court's distribution Order states clearly that the payment will go to persons who cashed their first check. *See* Entry 1378. The second distribution Order created no exceptions either for special circumstances warranting new checks or any purported re-examination taking away the approved claims of persons who cashed their checks.

5. Class Counsel, in contravention of the Order at Entry 1378, has replaced the claims administrator and the Court in arbitrarily deciding who receives the second payment. Obviously, the standards being applied are different from those that the claims administrator bragged about in having the first distribution Order approved.

6. This places Class Counsel in direct conflict with the class who is paying the unauthorized expenses for these modifications and the hundreds of thousands of dollars from the delays (which is based on Class Counsel's demand for sanctions in the Ninth Circuit where they represented the mere delay costs five figures per month).

7. In addition, paying the four people who did not cash their first checks places Class Counsel squarely in conflict with the absent class members who did not cash their checks but received no preferential treatment. If anything, Class Counsel should be re-examining all of the returned and uncashed checks to determine if there were address problems due to the claims administrator's adding multiple lines of extraneous text on many checks and omitting crucial data such as the city, state and postal code.

8. The district court has a fiduciary duty to look after the interests of [...] absent class members." *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015) Class counsel has a fiduciary duty to the class as a whole "and it includes reporting potential conflict issues" to the district court. *Rodriguez v. West Publishing*, 563 F.3d at 948, 968 (9th Cir. 2009)("The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel." (quoting Kayes v. Pac. Lumber Co., 51 F.3d 1449, 1465 (9th Cir. 1995))).

9. As to those Class Counsel unilaterally chose to re-examine without notice to the Court, the complaints about the use of affidavits should be compared to the motion to approve the first distribution Order where Class Counsel bragged about the liberal allowance of affidavits.

10. Now Class Counsel shifts their position to weed out the very claims that were approved using the standards they created. In essence, Class Counsel is now fighting against their own clients who merely did what Class Counsel told them to do (submit affidavits). "[I]t is unfathomable that the class's lawyer would try to sabotage the recovery of some of his clients." *Pierce v. Visteon Corp.*, 791 F.3d 782, 787 (7th Cir. 2015).

11. Class Counsel's actions described herein have undermined the legitimacy and fairness of the distribution process. This Court must act decisively to restore compliance with its orders, protect the integrity of the class action mechanism, and treat all class members relative to each other as required by Rule 23(e)(2)(D) as it was represented would occur.

WHEREFORE, this Court needs to compel compliance with the distribution Order at entry 1378 as soon as practicable.

David Gould